UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                  Docket No. 11-CR-30 (KAM)
          -against -                      United States Courthouse
                                                                  Brooklyn, New York

JOHN MAGGIO,

                                  Defendant.
------------------------------------------------------------X

    Sentencing Date: February 14, 2012

    Before the Honorable Kiyo A. Matsumoto
    United States District Judge
    Eastern District of New York

                DEFENDANT'S PRE-SENTENCE REPORT

APPEARANCES:

For the Government: United States Attorney's Office, EDNY
                By: Allon Lifshitz, AUSA, and Elizabeth Geddes, AUSA

For the Defendant:   Vincent J. Romano, Esq.

# VINCENT J. ROMANO
### ATTORNEY AT LAW
#### 9201 4ᵀᴴ AVENUE, SUITE 704
#### BROOKLYN, NEW YORK 11209

-----------

**(718) 852-5200**

January 23, 2012

Honorable Kiyo A. Matsumoto
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: Sentencing Memorandum
           United States v. John Maggio
           Criminal Docket No. 11-CR-30(KAM)

Dear Judge Matsumoto:

     As your Honor is aware, I represent the above captioned individual who is scheduled for sentencing before your Honor on February 14, 2012. On September 22, 2011, Mr. Maggio pled guilty before your Honor to Count 58 of the indictment charging a violation of Title 18, U.S.C. Section 2342(a).

     Based upon an adjusted total offense Level of 6 and a Criminal History Category of III, the advisory Guideline Range is TWO (2) to EIGHT (8) months. Notwithstanding the above advisory guideline range, the parties have entered into a plea agreement that recommends that Mr. Maggio be sentenced to a term of probation. More specifically, on page 3 of the Maggio plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) the government and the defense both agree that a sentence of probation is appropriate in this case.

     This memorandum is submitted in support of John Maggio's request for a sentence of probation pursuant to the Court's authority under United States v. Crosby, 397 F.3d 103 (2d. Cir. 2005), United States v. Booker, 125 S.Ct. 765 (2005), and Gall v. United States, 552 U.S. 38 (2007).

     Additionally, Title 18, U.S.C. Section 3553(a) sets forth factors to be considered by your Honor when imposing a sentence including, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offenses, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, to provide the defendant with needed vocational or educational training, and the need to avoid unwarranted sentencing disparities among defendants.

Page 2
January 23, 2012
Honorable Matsumoto

      Once your Honor considers all of the Title 18, U.S.C. Section 3553(a) factors as they relate to Mr. Maggio, these factors undoubtedly will support a sentence of probation as recommended by the defense and the government in the plea agreement pursuant to Rule 11(c)(1)(B).

      I.   The Guidelines Range

      The Probation Department has correctly determined that the adjusted offense level is 8, the defendant is in Criminal History III, and the advisory Guidelines range of imprisonment is six (6) to twelve (12) months (Pre-Sentence Report "PSR", Paras. 19-27, Page 8). The defense does not object to this guideline determination. However, it is Mr. Maggio's understanding that the government is prepared to move for an additional two (2) level reduction as part of a global disposition pursuant to U.S.S.G. Section 5K2.0. This caveat was memorialized in the Maggio plea agreement (See, Maggio Plea Agreement, Pages 5-6, Paragraph 7).

      If the Court accepts and grants the additional two (2) level reduction, then the adjusted offense level will be six (6) and the advisory Guidelines range of imprisonment will be two (2) to eight (8) months.

      II.   Sentence of Probation is Appropriate

      Based upon the facts and circumstances of the instant offense, the factors set forth in 18 U.S.C. Section 3553(a), and the government's recommendation that Mr. Maggio be sentenced to a term of probation, a sentence within the adjusted Guidelines range (2-8 months) would not be appropriate in this case but rather, a sentence of probation would be a more appropriate sentence in this matter.

      III.   The Nature and Circumstances of the Offense

      John Maggio was charged in Count 58 only as a NON-RICO defendant in a massive thirty-nine (39) defendant indictment. Mr. Maggio's sole count charges him with the Possession of Contraband Cigarettes which took place between October and December 2010.

      According to the fact pattern of this count, John Maggio purchased and possessed a quantity of contraband cigarettes from a cooperating witness. Mr. Maggio was not charged in any other criminal conduct in the multi-count racketeering indictment.

      This conduct was not committed in connection with or under the guidance of the Colombo family and did not involve any type of violence.

Page 3
January 23, 2012
Honorable Matsumoto

### IV.  The Defendant's History and Characteristics

John Maggio is fifty (50) years old, resides in Staten Island with his wife of twenty-nine (29) years and he has four (4) adult daughters produced from the marital union. Mr. Maggio's oldest daughter is engaged and pregnant with her first child who is due to be born in March, 2012 (See, PSR, Para. 48). The remaining three (3) daughters reside within the marital home on Staten Island.

Angela Maggio, the defendant's wife, has described John Maggio "as loving, caring, and generous" (See, PSR, Para. 49, Page 13).  Mr. Maggio continues to demonstrate his generosity by donating and assisting a church named the Reformed Universal Masonic Brotherhood and Order of the Eastern Star in Brooklyn, New York (See, Exhibit F). Additionally, he offers assistance to a children's organization in Long Island City, New York called Hour Children (See, Exhibit E).

Mr. Maggio reports that he has no history of emotional or mental health problems, however, he has an extensive list of physical ailments (See, PSR, Paras. 55-56).

More specifically, Mr. Maggio broke three (3) vertebrae and had one half of his hip removed following two (2) surgeries due to a work related accident. He has severe back pain, no feeling in his chest, cold sensation in his left leg, and tendonitis in his right ankle which are all injuries related to the accident.

Additionally, he is under the care of Dr. John Zafaranloo who treats Mr. Maggio for angina, Type I diabetes, hypertension, emphysema, high cholesterol, severe sciatica, herniated lumbar and thoracic discs, anxiety, abdominal hernia, and severe diverticulitus.

### IV. The Need to Avoid Unwarranted Sentence Disparities
     Title 18, U.S.C. Section 3553(a)(6)

It is important to note that Ralph Arpaio, who is charged with the identical conduct in the same Count (Count 58) in the same indictment as John Maggio, received a sentence of four (4) years probation by your Honor on November 4, 2011. This is the same type of sentence that is recommended by the government and the defense in the Maggio plea agreement. Both defendants were convicted following a plea of guilty to Title 18, U.S.C. Section 2342(a) which is the possession of contraband cigarettes. Thus, an identical sentence of probation for John Maggio is warranted in order to avoid an unwarranted sentencing disparity.

Page 4
January 23, 2012
Honorable Matsumoto

### V. The Need to Provide Restitution to any Victims of the Offense, Title 18, U.S.C. Section 3553(7)

The victims of the instant offense have been identified as the governments that collect the taxes on the cigarettes. The parties agree that John Maggio was jointly and severally liable with Ralph Arpaio for an overall tax loss of $11,416.50. At the time of Maggio's plea, he provided a check in the amount of $5,708.25 which represents one-half of the amount for the tax loss. Ralph Arpaio previously paid the other half at the time of his plea before your Honor.

Thus, the defendant has provided restitution to the victims in this case by paying the tax in relating to the contraband cigarettes. The restitution component identified in Section 3553(a)(7) has been completely satisfied and further supports a sentence of probation.

### VI. Other 3553(a) Sentencing Factors

A sentence of probation in this case is also appropriate to reflect the seriousness of the offense, promote respect for the law and provide just punishment. Title 18, U.S.C. Section 3553(a)(2)(A).

### VII. Letters of Recommendation in Further Support of Mr. Maggio's Request for a Probationary Sentence

The defense has attached letters of support for John Maggio written by his family members, friends and persons who were the recipients of my client's assistance and good will.

The letters are all written by various persons who all know Mr. Maggio very well and offer the Court insight about his character and charitable background.

A synopsis of some of the letters is as follows:

Angela Maggio lovingly writes about her husband John Maggio: *"John has done many fundraisers and we give to charities. We always try very hard to help other people who need it. I remember a time when there was a car on fire and my husband pulled over, jumped out and helped rescue a family and handicapped child out of the car"* (See, Exhibit A).

Gene Maggio, the mother of John Maggio writes in her letter to your Honor: *"My son has always helped churches and other organizations to raise money or donate his time. My son always says it is very important to service his community and help those who are in need and this is something he has taught his children as well"* (See, Exhibit B).

Page 5
January 23, 2012
Honorable Matsumoto

Jolene N. Maggio, one of John Maggio's daughters very insightfully writes to your Honor: *"My parents have taught my sisters and I to care for others, even if we do not know them. My father has always reminded us that there are those less fortunate than us who are in need of help. I have dedicated my time by mentoring at OCFS facilities, organizing domestic violence speak outs on campus as well as other events geared toward helping women and those less fortunate"* (See, Exhibit C).

Jeanine Maggio, my client's oldest daughter describes John Maggio's benevolence in her letter to the Court: *"As young as I can remember my father would always have us involved with various charity activities at church and in the community"* (See, Exhibit D).

Sister Tesa expresses her gratitude in a note to John Maggio regarding his help and kindness (See, Exhibit E). This is also referenced above in Section IV of this memorandum.

Susan R. Napoli, a longtime family friend describes John Maggio in her letter: *"He is a kind, compassionate, caring man who I consider to truly be a second father"* (See, Exhibit G).

The remaining attached exhibits (H-L) include news articles, letters, certificates of appreciation for various benevolent fundraisers and events organized by John Maggio in order to assist various members of the community in need of help and assistance.

WHEREFORE, for all the foregoing reasons, the defense respectfully requests that your Honor impose a sentence of probation with an Order of Restitution as outlined in the plea agreement and a $100.00 special assessment at the time of sentencing.

Thank you very much for your time and consideration.

Respectfully submitted,

Vincent J. Romano


VJR/mr
cc:   Allon Lifshitz, AUSA
      Elizabeth Geddes, AUSA
      U.S.P.O. Michelle Espinoza