# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| JOHN MAGGIO | Case Number: 11CR30[KAM] |
| | USM Number: 45844-053 |
| | Vincent J Romano |
| | Law Offices of Vincent Romano |
| | 9201 4th Avenue |
| | Suite 704 |
| | Brooklyn, NY 11209 |
| | Defendant's Attorney |

**THE DEFENDANT:**

✔ pleaded guilty to count(s)  fifty-eight of the indictment (sole count)

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2344(a), | POSSESSION OF CONTRABAND CIGARETTES, a Class D felony | 1/20/2011 | 58 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 14, 2012
Date of Imposition of Judgment

s/KAM
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

February 14, 2012

DEFENDANT: JOHN MAGGIO
CASE NUMBER: 11CR30[KAM]

# PROBATION

The defendant is hereby sentenced to probation for a term of :

4 years probation with special conditions

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOHN MAGGIO
CASE NUMBER: 11CR30[KAM]

Judgment—Page 3 of 5

# SPECIAL CONDITIONS OF SUPERVISION

(a) For a period of two months, defendant shall remain in his home. He is only authorized to leave for employment or medical care or other necessary activities with the approval in advance of the U.S. Probation Department. The home confinement period shall commence on a date to be approved by the Pronation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, defendant shall ay the costs of home confinement, including the cost of the electronic monitoring equipment, to the degree he is able. Defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

(b) Defendant shall pay the imposed fine.

(c) Defendant shall not associate directly or indirectly in person, through mail, or telephone, or with any individual with an affiliation with organized crime groups, gangs, or other criminal enterprise. Nor shall defendant frequent any establishment, or other locale, where these groups may meet pursuant but not limited to, a prohibition list that will be provided b the government to the Probation Department.

(d) Defendant shall participate in a mental health program as approved by te Probation Department. Defendant shall contribute to the costs of such services rendered and any medications prescribed to the degree he is reasonably able. He shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. Defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

(e) Defendant shall perform 200 hours of community service during the probation period (upon completion of the period of home confinement) in a manner and at a rate approved by the Probation Department. Defendant shall cooperate with the Probation Department to confirm that the community service is complete.

(f) Defendant shall make full and complete financial disclosure to the probation officer and the U.S. Attorney Office.

(g) Defendant shall not possess a firearm, ammunition, or destructive device.

FINE:

Defendant is ordered to pay a fine in the amount of 1, 000 due immediately, with interest required by law. The fine is payable at the minimum rate of not less than 20% of defendant's monthly gross income after deductions required by law. The fine payments shall commence immediately and shall continue until paid in full.

RESTITUTION:

Defendant is ordered to pay restitution in the amount of $11, 416.50. Restitution is joint and several with co-defendant Ralph Arpaio. The court notes that Mr. Arpaio has paid $5,708.25 in restitution on 7/8/11. In addition, Mr. Maggio paid $5,708.25 toward his restitution amount at the time of his guilty plea on 9/22/11. The court acknowledged that the restitution amount has been deemed paid and the Clerk of Court shall release the restitution amount to the victims.

DEFENDANT: JOHN MAGGIO
CASE NUMBER: 11CR30[KAM]

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | FINE | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 1,000 | $ 11,416.50 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

✔ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Internal Revenue Service<br>Brookhaven Income Service<br>Service Center<br>P.O. Box 900-Stop 670<br>Holtsville, NY 11742 | 2,171.50 | 2,171.50 | |
| NJ Department of Taxation | 1,935.90 | 1,935.90 | |
| NYS Department of Taxation<br>and Finance Disclosure and<br>Government Exchange<br>W.A. Harriman Campus<br>Building 8, Room 700<br>Albany, NY 12227 | 6,233.55 | 6,233.55 | |
| NYC Department of Taxation | 1,075.50 | 1,075.50 | |
| TOTALS | $ 11,416.50 | $ 11,416.50 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

✔ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ✔ the interest requirement is waived for the   ☐ fi   ☐ restitution   ✔ special assessment.

  ☐ the interest requirement for the   ☐ fin   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOHN MAGGIO
CASE NUMBER: 11CR30[KAM]

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ✔ Lump sum payment of __1,100.00__ due immediately, balance due

☐ not later _____, or
☐ in accordance ☐ C ☐ D ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F below); or

C ☐ Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ✔ Special instructions regarding the payment of criminal monetary penalties:

The court notes that Mr. Maggio paid $5,708.25 toward his restitution at the time of his guilty plea on 9/22/11. In addition, Mr. Arpaio paid $5,708.25 in restitution on 7/8/11.
The court acknowledged that the restitution amounts has been deemed paid and the Clerk of Court shall release this amount to the victims.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

✔ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

John Maggio and Ralph Arpaio [11cr30] are jointly and severally liable. The court acknowledged that the restitution amounts have been paid. The Clerk of Court shall release $5,708.25, to the victims

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.